**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Artiaga, | No. CV-13-00281-TUC-RM (BGM) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Charles L. Ryan, *et al.*, | |
| Respondents. | |

Currently pending before the Court is Petitioner Joseph Artiaga's *pro se* Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) (Doc. 1). Respondents have filed an Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. 23). Petitioner did not file a Reply. The Petition is ripe for adjudication.

Pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure,[1] this matter was referred to Magistrate Judge Macdonald for Report and Recommendation. The Magistrate Judge recommends that the District Court deny the Petition (Doc. 1).

---

[1] Rules of Practice of the United States District Court for the District of Arizona.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

The Arizona Superior Court in Pima County described the relevant background as

follows:

> On December 5, 2005, Petitioner Joe Santos Artiaga was indicted on three counts: Theft of Means of Transportation by Control, Burglary in the Third Degree, and Possession of Burglary Tools.  Public defender Richard Kingston was appointed to represent Petitioner.  In January 2006, Petitioner rejected the State's plea offer, pursuant to which Petitioner would plead guilty to Count One, Theft of Means of Transportation by Control, with one prior conviction.   On February 21, 2006, Petitioner filed a Motion to Remand to the Grand Jury, which this court granted on March 3, 2006.  On March 13, 2006, the grand jury returned an indictment identical to the December 5, 2005 indictment.  Petitioner's trial commenced on March 14, 2006.  On the second day of trial, the court addressed Petitioner's Motion for Substitution of Counsel, filed by Petitioner two days earlier.  This court, off the record, made inquiry into the Petitioner's request; then denied the request on the record.  On March 16, 2006, the jury found Petitioner guilty of Theft of Means of Transportation by Control, Possession of Burglary Tools, and Criminal Trespass, the lesser offense of Burglary in Third Degree [sic] (Count Two).   On April 14, 2006, this Court granted Petitioner's Motion for Rule 11 Mental Health Evaluation filed by Petitioner's trial counsel Mr. Kingston.  On April 17, 2006, this Court granted Mr. Kingston's Motion to Withdraw, and appointed Howard Wine to represent Petitioner at the Priors Trial and for sentencing.

Answer (Doc. 23), Ariz. Sup. Ct., Pima County Ruling In Chambers Re: Rule 32 Pet. for

Post-Conviction Relief ("PCR") 8/10/2010 (Exh. "AA") at 1.

In his Petition for Review (Doc. 24-3) to the Arizona Court of Appeals, Petitioner

described what had occurred when the grand jury reconvened upon remand as follows:

> The Grand Jury convened on the afternoon of March 13, 2006 at 2:00 p.m. to make a new presentment of Mr. Artiaga's case.  The Grand Jury, at the request of Mr. Ariaga [sic], had previously invited him to be present on that date and time to testify at the new presentment.  The County Attorney's office was aware of Mr. Artiaga's contemplated appearance and had, in fact, requested a hearing before Judge Lee to discuss security and logistics matters involved in his Grand Jury appearance as well as establish

the ground rules for inquiring about his prior convictions. (R.O.A. 45[.])

> Mr. Artiaga was advised shortly before his scheduled appearance before the Grand Jury that the jail had lost or misplaced hid [sic] civilian clothing.  That clothing had been provided to officials at the Pima County Jail several days before the scheduled appearance.  (R.O.A. 115, Affidavit of Vicci Broom).  Counsel advised Mr. Artiaga that his appearance in jail clothing could be inflammatory and prejudicial.  Counsel also explained the situation to Kristen Kelly, the Deputy County Attorney in charge of presenting the case to the grand jury.  The presentment proceeded without the appearance of Mr. Artiaga and the grand jury was advised, "MS. KELLY: And if I may just briefly address everybody.  Mr. Artiaga and his counsel have made the decision to withdraw the request to testify in front of the grand jury."  (R.O.A. 115, Grand Jury Transcript, p. 3, lines 15-18.)

Pet.'s Pet. for Review (Doc. 24-3) at 4–5.

On July 18, 2006, Petitioner was sentenced to the presumptive term of eleven and one quarter (11.25) years imprisonment for the theft of means of transportation and/or by controlling stolen property count and the presumptive term of three and three quarters (3.75) years imprisonment for the possession of burglary tools count to run concurrently. Answer (Doc. 23), Ariz. Superior Ct., Pima County, Minute Entry 7/18/2006 (Exh. "K") at 2–3.  Petitioner was also sentenced to time served for the criminal trespass count.  *Id.* at 3.

### A.  Direct Appeal

On August 2, 2006, Petitioner filed a Rule 32 Request for Delayed Appeal pursuant to Rule 32.1(f), Arizona Rules of Criminal Procedure, with the trial court. Answer (Doc. 23), Rule 32 Request for Delayed Appeal 8/2/2006 (Exh. "L").  On August 3, 2006, the trial court granted Petitioner's Rule 32 Request for Delayed Appeal.  Answer (Doc. 23), Ariz. Superior Ct., Pima County, Order 8/3/2006 (Exh. "M").  On August 17,

2006, Petitioner filed a Notice of Appeal.  Answer (Doc. 23), Not. of Appeal 8/17/2006 (Exh. "N").  On May 18, 2007, Petitioner filed his Opening Brief.  Answer (Doc. 23), Appellant's Opening Br. 5/18/2007 (Exh. "O").  Petitioner presented the issues on appeal as follows:

> (1)  Whether Artiaga's rights to be present at his grand jury hearing were violated where the jail failed to give him civilian clothes and where the state implied Artiaga's failure to testify was voluntary.  Whether the trial court abused its discretion when it denied Artiaga's request to continue the trial in order to review the grand jury transcripts for error.

> (2)  Whether the trial court should have dismissed the state's allegations of prior convictions under A.R.S. 13-604(P) for untimeliness.

*Id.*, Exh. "O" at 1.

Petitioner argued that his Fifth Amendment right to testify at his grand jury proceeding was violated when the state failed to provide him civilian clothing in which to testify, causing Petitioner to decline to appear before the grand jury.  *Id.*, Exh. "O" at 5. Petitioner further argued that this "constitutional violation was compounded where the prosecutor misrepresented the reasons for Artiaga's failure to appear."  *Id.*  Petitioner further argued that the March 13, 2006 indictment did not contain any allegations of prior-conviction, although these were contained in the original indictment.  *Id.*, Exh. "O" at 12.  In light of this omission, Petitioner asserted that the state failed to file the prior-conviction allegations at least twenty (20) days before trial in violation of Arizona law. Answer (Doc. 23), Appellant's Opening Br. 5/18/2007 (Exh. "O") at 12.  Petitioner sought that his sentences that were enhanced by two prior convictions be vacated and the matter remanded accordingly.  *Id.*

On November 1, 2007, the Arizona Court of Appeals affirmed Petitioner's conviction and sentence.[2]   Answer (Doc. 23), Ariz. Ct. App. Memorandum Decision 11/1/2007 (Exh. "P").  The court of appeals held that Petitioner's "conviction after . . . trial rendered moot any issue involving the grand jury proceeding." Answer (Doc. 23), Exh. "P" at 2 (citing *State v. Just*, 138 Ariz. 534, 541–42, 675 P.2d 1353, 1360–61 (Ct. App. 1983)).  The court further held that "Artiaga d[id] not argue that the denial of the continuance affected the trial, but rather that a continuance would have revealed alleged errors in the grand jury proceeding . . . [and] is therefore not reviewable on appeal."  *Id.*, Exh. "P" at 3.  Finally, the court of appeals found that Artiaga argued before the trial court that "the state had not timely disclosed an item of evidence" in violation of A.R.S. § 13-604(P), but on appeal "contends that the state's allegation that he had historical prior convictions for sentence enhancement purposes was untimely under A.R.S. § 13-604(P)."  *Id.*, Exh. "P" at 3.  As such, the court held that Artiaga "failed to preserve this issue below and ha[d] forfeited review of this issue absent fundamental error."  *Id.*  The court further held that Artiaga did not meet his burden "in a fundamental error analysis."  Answer (Doc. 23), Ariz. Ct. App. Memorandum Decision 11/1/2007 (Exh. "P") at 4.

On January 24, 2008, Petitioner filed his *pro se* Petition for Review with the Arizona Supreme Court.  Answer (Doc. 23), Petition for Review 1/24/2008 (Exh. "Q").  The Arizona Supreme Court denied the Petition.  *See* Answer (Doc. 23), Ariz. Ct. of Appeals Mandate 7/16/2008 (Exh. "R").

---

[2] The Arizona Court of Appeals modified the sentencing minute entry, but affirmed the enhanced sentenced as modified.  *See* Answer (Doc. 23), Ariz. Ct. App. Memorandum Decision 11/1/2007 (Exh. "P").

### B. *Post-Conviction Relief Proceeding*

On June 23, 2008, Petitioner filed his Notice of Post-Conviction Relief ("PCR").

Answer (Doc. 23), Not. of PCR 9/23/2008 (Exh. "S").  On December 8, 2008, counsel for

Petitioner filed a Petition for Post Conviction Relief.  *See* Answer (Doc. 23), Pet. for PCR

12/8/2008 (Exh. "U").  Pursuant to *Montgomery v. Sheldon (I),*[3] counsel stated that there

were no issues to appropriate for Rule 32 relief.[4]  *Id.*, Exh. "U" at 10.  On February 13,

2009, Petitioner filed a motion seeking that the December 8, 2008 Petition for PCR be

stricken and new, advisory counsel be appointed.  Answer (Doc. 23), Pet.'s Mot. to Strike

2/13/2009 (Exh. "W").  The Rule 32 court granted Petitioner's request and ordered that

the December 8, 2008 PCR Petition be stricken.  Answer (Doc. 23), Ariz. Superior Ct.,

Pima County, Order 2/17/2009 (Exh. "W").

On July 21, 2009, new counsel for Petitioner filed a Petition for Post Conviction

Relief.  Answer (Doc. 23), Pet. for PCR (Exh. "Y").  Counsel averred that she could not

---

[3] *Montgomery v. Sheldon (I)*, 181 Ariz. 256, 889 P.2d 614 (1995).

[4] Counsel for Petitioner explained:

> In *Montgomery v. Sheldon (I), supra*, the Arizona Supreme Court commented that a Defendant should have an opportunity to file a *pro se* petition if counsel does not feel that these are appropriate issues to be raised in a supplemental pleading; and, the Court clarified that in *Montgomery v. Sheldon (II)*, 182 Ariz. 118, 893 P.2d 1281 (1995).  In *State v. Smith*, 184 Ariz. 456, 910 P.2d 1 (1996), the court reaffirmed and commented:
>
> > If, after conscientiously searching the record for error, appointed counsel in a PCR proceeding finds no tenable issue and cannot proceed, the defendant is entitled to file a pro se PCR.
>
> Accordingly, pursuant to the notice filed by the Defendant, it is requested that the Court allow the Defendant to file a *pro se* Rule 32 petition if he so desires.

Answer (Doc. 23), Exh. "U" at 10–11.

- 6 -

"find any viable issues to present regarding Petitioner's allegations of Error." *Id.*, Exh. "Y" at 4. Accordingly, she sought leave pursuant to *Montgomery v. Sheldon (I)*, for Petitioner to file a *pro se* Rule 32 Petition. *Id.*, Exh. "Y" at 5. On March 31, 2010, Petitioner filed his *Pro Se* Supplement to Petition for Post-Conviction Relief. *See* Answer (Doc. 23), Petitioner's *Pro Se* Suppl. to Pet. for PCR (Exh. "Z").[5] Petitioner asserted the following grounds for relief: 1) ineffective assistance of trial counsel; 2) the trial court erred in not giving Petitioner new counsel on the second day of trial; 3) ineffective assistance of sentencing counsel; and 4) ineffective assistance of appellate counsel. *Id.*, Exh. "Z" at 4–25.

Petitioner alleged that trial counsel lied to him, disregarded specific instructions, "failed to investigate issues [that Petitioner] directed [counsel] to pursue regarding [Petitioner's] serious mental health problems[,]" and failed "to discuss the discovery and investigation reports[.]" *Id.*, Exh. "Z" at 4–8. Petitioner further alleged that trial counsel did not allow Petitioner to testify before the grand jury, and did not appeal or file a special action upon the trial court's denial of a continuance. *Id.*, Exh. "Z" at 8–10. Petitioner alleged that trial counsel "failed to thoroughly explain the plea agreement and no hearing was held[.]" Answer (Doc. 23), Exh. "Y" at 3. Petitioner also argued that his relationship with trial counsel "was completely fractured with irreconcilable conflict." Answer (Doc. 23), Exh. "Z" at 10. Petitioner asserted that the trial court "violated the Arizona Supreme Court holding in State v. Moody, 192 Ariz. 505 (1998) as well as State

---

[5] Respondents' Exhibits "Z" and higher appear in the Court's docket at Docket Entry Nos. 24 and 25 as "Additional Attachments to Main Document." For citation purposes, however, the Court refers to Respondents' Answer (Doc. 23) with the appropriate exhibit listed.

v. Torre, 206 Ariz. 52, 75 P.3d 142 (App.2003)" by failing to "make a full factual determination" and by failing to appoint new counsel in light of his "completely fractured relationship" with trial counsel.  Answer (Doc. 23), Exh. "Z" at 13–14.

Petitioner alleged that sentencing counsel's "failure to file a written motion to exclude the admission of the State's Exhibits 6, 7, and 9 used at the prior convictions trial as evidence of Joe's prior felony convictions clearly f[ell] below a standard of reasonableness under prevailing professional norms."  *Id.*, Exh. "Z" at 18 (citations omitted).  Petitioner further alleged that if the Rule 32 court found sentencing counsel's performance acceptable, it must find that the trial court "abused its discretion in denying the objection stated by [sentencing counsel] to exclude the admission of State's Exhibits 6, 7, and 8 at the Prior Convictions Trial[.]"  *Id.*, Exh. "Z" at 18.  Petitioner also alleges that sentencing counsel was ineffective because he "waived the psych evaluation."  *Id.*, Exh. "Z" at 21.

Petitioner alleged that appellate counsel was ineffective for failing "to obtain the necessary court records, investigate, present, and preserve meritorious claims on Joe's direct appeal."  *Id.*, Exh. "Z" at 22.  Petitioner alleges that he told appellate counsel about the trial court's alleged failure to make a factual record regarding his motion for new counsel that was heard during trial and "demanded she preserve the issue on direct appeal."  Answer (Doc. 23), Exh. "Z" at 24.  Petitioner further asserts that appellate counsel's alleged failure to preserve the claim constituted ineffective assistance.  *Id.* Petitioner also alleged ineffective assistance for appellate counsel's alleged failure to file a reply brief and "correct the record" regarding the issue of untimeliness of the State's

allegations of prior convictions. *Id.*, Exh. "Z" at 24–25.

On July 28, 2011, the Rule 32 court held an evidentiary hearing. *See* Answer (Doc. 15), Ariz. Superior Ct., Pima County, Minute Entry 7/28/2011 (Exh. "W") & Hr'g Tr. 7/28/2011 (Doc. 15-12).

On August 10, 2010, the trial court granted "an evidentiary hearing on Petitioner's claims for 1) Ineffective Assistance of Trial Counsel/Richard Kingston: Failure to investigate and present a mental health defense; and 2) Ineffective Assistance of Priors and Sentencing Counsel/Howard Wine: Failure to follow through and submit Petitioner's Rule 11 Mental Health Evaluation to mitigate his sentence[,]" and denied the remainder of Petitioner's PCR petition. *See* Answer (Doc. 23), Ariz. Superior Ct., Pima County, Ruling—In Chambers Re: Rule 32 Petition for Post-Conviction Relief 8/10/2010 (Exh. "AA") at 8–9. The trial court recognized that "[t]o establish a claim of ineffective assistance of counsel warranting relief, a defendant must show that counsel's representation fell below objective standards of reasonableness and that counsel's deficient performance was prejudicial." *Id.*, Exh. "AA" at 3 (citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984); *State v. Nash*, 143 Ariz. 392, 694 P.2d 222 (1985)).

With regard to trial counsel's alleged failures regarding the grand jury proceeding were precluded because the issue had been "previously presented and denied in Petitioner's Motion to Vacate Judgment and Sentence and on direct appeal." Answer (Doc. 23), Exh. "AA" at 3. The Rule 32 court further held that even "[a]ssuming, *arguendo*, Mr. Kingston's performance fell below an objective standard of

reasonableness when he failed to file [a] special action before Petitioner's trial, there was no prejudice as the trial court essentially found no violations at the grand jury proceeding." *Id.*, Exh. "AA" at 4.  The Rule 32 court also held that because Petitioner was sentenced to a term encompassed in the plea agreement, he could not establish prejudice.  *Id.*, Exh. "AA" at 4.  As such, any ineffective assistance of counsel claim stemming from an alleged failure to explain the plea offer failed.  *Id.*  Similarly, the Rule 32 court found that Petitioner's failure to specify what discovery or investigative reports trial counsel allegedly failed to share or how Petitioner's possession of those reports would have changed the outcome of this case resulted in Petitioner's failure to show prejudice.  *Id.*  As a result, the Rule 32 court denied Petitioner's ineffective assistance of trial counsel in this regard.

Regarding sentencing counsel, the Rule 32 court found that the State's "allegation of two prior felony convictions was attached to both, the original indictment and the second indictment."  Answer (Doc. 23), Exh. "AA" at 6.  The Rule 32 court went on to determine that "[a]ccordingly, there was no basis for Petitioner's objection under A.R.S. § 13-604(P)[;] [h]owever, Mr. Wine could have objected orally in court (and has done so) to the State's Exhibits 7 and 8 on the ground of untimely disclosure of an item of evidence."  *Id.*  Finding that the State's untimely disclosure did not prejudice Petitioner, the Rule 32 court held that sentencing counsel was not ineffective.  The Rule 32 court also found Petitioner's *Moody* claim was without merit, and as such "there was no claim for Mr. Wine to preserve."  Petitioner's ineffective assistance of sentencing counsel claim was denied as to this issue.

With regard to appellate counsel, the Rule 32 court held that in light of its findings regarding Petitioner's *Moody* claim lacking merit, the "decision not to raise this claim on appeal was not unreasonable."  Answer (Doc. 23), Exh. "AA" at 8.  The Rule 32 court further found that "Ms. Heveri's decision not to file a Reply to the State does not constitute ineffective assistance."  *Id.*, Exh. "AA" at 8.  As such, it denied Petitioner's ineffective assistance of appellate counsel claims.  *Id.*, Exh. "AA" at 8.

On June 10, 2011, after evidentiary hearings, the Rule 32 court denied Petitioner's remaining ineffective assistance of counsel claims.  Answer (Doc. 23), Ariz. Superior Ct., Pima County, Under Advisement Ruling—Re: Petition for Post-Conviction Relief 6/10/2011 (Exh. "CC").  Regarding trial counsel's alleged failure to investigate and present a mental health defense, the Rule 32 court held that "Petitioner failed to meet both prongs of the *Strickland* test in proving this claim."  *Id.*, Exh. "CC" at 3.  In light of trial counsel's testimony that "he thought Petitioner was competent and that Petitioner never told him that at the time of the offense, he was having difficulty appreciating the nature of his acts[,] . . . [the] Court f[ound] that it was reasonable for Mr. Kingston not to investigate and present a mental health defense."  *Id.*, Exh. "CC" at 3.  With regard to sentencing counsel's alleged failure "to follow through and submit for sentencing Petitioner's Rule 11 mental health evaluation[,]" the Rule 32 court found that:

> Mr. Wine testified that he thought Petitioner was fully competent.  In addition, Mr. Wine understood that the Court's plan was to impose the lowest sentence possible.  Since the results of the mental health evaluation would have been used as mitigation evidence, such evidence was not necessary given Mr. Wine's understanding of the Court's intention.  Moreover, even if Mr. Wine did not think that the Court planned to impose the lowest sentence possible, Mr. Wine testified that he was not sure the

would have followed through on the Rule 11 because he was concerned that the mental health evaluation could develop aggravating circumstances that would be harmful to Petitioner.  Given this testimony, the Court finds that it was reasonable for Mr. Wine not to follow through and submit for sentencing Petitioner's Rule 11 mental health evaluation.

Answer (Doc. 23), Exh. "CC" at 4.

On August 5, 2011, Petitioner filed his Petition for Review in the Arizona Court of Appeals.  *See* Answer (Doc. 23), Pet. for Review 8/5/2011 (Exh. "DD").  Petitioner asserted two grounds for relief:  1) the trial court abused its discretion when it denied Petitioner's motion to continue trial in light of Petitioner's inability to testify before the grand jury; and 2) ineffective assistance of trial counsel for his alleged failure to seek special action review of the March 13, 2006 grand jury proceedings.  *Id.*, Exh. "DD" at 8–18.  On March 2, 2012, the Arizona Court of Appeals granted review, but denied relief. Answer (Doc. 23), Ariz. Ct. App. Mem. Decision 3/2/2012 (Exh. "EE").  The court of appeals denied  Petitioner's claim regarding the denial of his motion to continue trial, "[f]irst because Artiaga previously challenged on appeal the denial of the motion to continue, he is precluded from doing so now pursuant to Rule 32.2(a)[,] . . . [and] [s]econd, Artiaga did not raise this issue in his petition below."  *Id.*, Exh. "EE" at 2–3 (citations omitted).  The court of appeals further stated that "[t]o the extent Artiaga challenges the trial court's denial of his claim of ineffective assistance of trial counsel for failing to seek special action relief from the grand jury proceedings held in March 2006, we deny relief on that claim as well."  *Id.*, Exh. "EE" at 3.  The appellate court determined that Petitioner failed to establish prejudice under *Strickland*.  *Id*., Exh. "EE" at 3–4.

On June 6, 2012, the Arizona Supreme Court denied review without comment. Answer (Doc. 23), Ariz. Supreme Ct. ME 6/6/2012 (Exh. "FF"); *see also* Answer (Doc. 23), Ariz. Ct. App. Mandate 10/15/2012 (Exh. "GG").

### C. The Instant Habeas Proceeding

On April 22, 2013, Petitioner filed his Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) (Doc. 1). Petitioner claims four (4) grounds for relief. First, Petitioner alleges ineffective assistance of trial counsel for counsel's alleged "failure to explore a mental health defense at the request of the defendant[;] . . . [inability] to substantiate that [Petitioner] was in reality being re-indicted in December of 2005 over a State dismissal of charges[;] . . . [failure to] allow[] the defendant to appear in front of the grand jury[;] . . . [failure to] fil[e] a special action . . . to challenge the Grand Jury Proceedings[;] [failure to] accep[t] my request of substantial proceeal [sic] reishs [sic] and for not pursuing the issue of the so-called jiggle key[.]" Petition (Doc. 1) at 6. Second, Petitioner alleges Due Process violations in light of his street clothing being "lost" prior to his appearance before the Grand Jury. *Id.* at 7. Petitioner alleges that counsel advised him that appearance before the Grand Jury in his jail uniform would be prejudicial, and the Prosecutor informed the Grand Jury that Petitioner had voluntarily withdrawn his appearance, resulting in a Due Process violation. *Id.* Third, Petitioner claims that his Fifth and Sixth Amendment rights were violated because trial was scheduled to begin the day following his re-indictment, and although he filed a motion to continue trial, it was denied. *Id.* at 8. Fourth, Petitioner asserts that prosecutorial misconduct occurred in violation of his Fifth and Sixth Amendment rights

when the Deputy County Attorney failed to inform the Grand Jury the reason Petitioner decided not to appear before it.  *Id.* at 9.  On March 24, 2014, Respondents filed their Answer (Doc. 23).  Petitioner did not file a reply.

## II.   STANDARD OF REVIEW

### A.  In General

The federal courts shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody *in violation of the Constitution or laws of treaties of the United States*."  28 U.S.C. § 2254(a) (emphasis added).  Moreover, a petition for habeas corpus by a person in state custody:

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Cullen v. Pinholster*, 563 U.S. 170, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011).  Correcting errors of state law is not the province of federal habeas corpus relief.  *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991).  Ultimately, "[t]he statute's design is to 'further the principles of comity, finality, and federalism.'"  *Panetti v. Quarterman*, 551 U.S. 930, 945, 127 S.Ct. 2842, 2854, 168 L.Ed.2d 662 (2007) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 337, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003)).  Furthermore, this standard is difficult to meet

and highly deferential "for evaluating state-court rulings, [and] which demands that state-court decisions be given the benefit of the doubt." *Pinholster*, 131 S.Ct. at 1398 (citations and internal quotation marks omitted).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, mandates the standards for federal habeas review. *See* 28 U.S.C. § 2254. The "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Burt v. Titlow*, — U.S. —, 134 S.Ct. 10, 16, 187 L.Ed.2d 348 (2013). Federal courts reviewing a petition for habeas corpus must "presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" *Schriro v. Landrigan*, 550 U.S. 465, 473–74, 127 S.Ct. 1933, 1940, 167 L.Ed.2d 836 (2007) (citing 28 U.S.C. § 2254(e)(1)). Moreover, on habeas review, the federal courts must consider whether the state court's determination was unreasonable, not merely incorrect. *Id.*, 550 U.S. at 473, 127 S.Ct. at 1939; *Gulbrandson v. Ryan*, 738 F.3d 976, 987 (9th Cir. 2013). Such a determination is unreasonable where a state court properly identifies the governing legal principles delineated by the Supreme Court, but when the court applies the principles to the facts before it, arrives at a different result. *See Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011); *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *see also Casey v. Moore*, 386 F.3d 896, 905 (9th Cir. 2004). "AEDPA requires 'a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . .

1
2

beyond any possibility for fairminded disagreement.'"  *Burt*, 134 S.Ct. at 10 (quoting

3

*Harrington*, 562 U.S. at 103, 131 S.Ct. at 786–87) (alterations in original).

4

### B.  Exhaustion of State Remedies

5
6

Prior to application for a writ of habeas corpus, a person in state custody must

7

exhaust all of the remedies available in the State courts.  28 U.S.C. § 2254(b)(1)(A).  This

8

"provides a simple and clear instruction to potential litigants: before you bring any claims

9

to federal court, be sure that you first have taken each one to state court."  *Rose v. Lundy*,

10

455 U.S. 509, 520, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379 (1982).  As such, the

11
12

exhaustion doctrine gives the State "the opportunity to pass upon and correct alleged

13

violations of its prisoners' federal rights."  *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct.

14

1347, 1349, 158 L.Ed. 2d 64 (2004) (internal quotations omitted).  Moreover, "[t]he

15
16

exhaustion doctrine is principally designed to protect the state courts' role in the

17

enforcement of federal law and prevent disruption of state judicial proceedings."  *Rose*,

18

455 U.S. at 518, 102 S.Ct. at 1203 (internal citations omitted).  This upholds the doctrine

19
20

of comity which "teaches that one court should defer action on causes properly within its

21

jurisdiction until the courts of another sovereignty with concurrent powers, and already

22

cognizant of the litigation, have had an opportunity to pass upon the matter."  *Id.* (quoting

23

*Darr v. Burford*, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950)).

24
25

Section 2254(c) provides that claims "shall not be deemed . . . exhausted" so long

26

as the applicant "has the right under the law of the State to raise, by any available

27

procedure the question presented."  28 U.S.C. § 2254(c).  "[O]nce the federal claim has

28

been fairly presented to the state courts, the exhaustion requirement is satisfied."  *Picard*

*v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). The fair presentation requirement mandates that a state prisoner must alert the state court "to the presence of a federal claim" in his petition, simply labeling a claim "federal" or expecting the state court to read beyond the four corners of the petition is insufficient. *Baldwin v. Reese*, 541 U.S. 27, 33, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64 (2004) (rejecting petitioner's assertion that his claim had been "fairly presented" because his brief in the state appeals court did not indicate that "he was complaining about a violation of federal law" and the justices having the opportunity to read a lower court decision addressing the federal claims was not fair presentation); *Hiivala v. Wood*, 195 F.3d 1098 (9th Cir. 1999) (holding that petitioner failed to exhaust federal due process issue in state court because petitioner presented claim in state court only on state grounds). Furthermore, in order to "fairly present" one's claims, the prisoner must do so "in each appropriate state court." *Baldwin*, 541 U.S. at 29, 124 S.Ct. at 1349. "Generally, a petitioner satisfies the exhaustion requirement if he properly pursues a claim (1) throughout the entire direct appellate process of the state, or (2) throughout one entire judicial postconviction process available in the state." *Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004) (quoting Liebman & Hertz, *Federal Habeas Corpus Practice and Procedure*, § 23.3b (9th ed. 1998)).

In Arizona, however, for non-capital cases "review need not be sought before the Arizona Supreme Court in order to exhaust state remedies." *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *see also Crowell v. Knowles*, 483 F.Supp.2d 925 (D. Ariz. 2007); *Moreno v. Gonzalez*, 192 Ariz. 131, 962 P.2d 205 (1998). Additionally, the

Supreme Court has further interpreted § 2254(c) to recognize that once the state courts have ruled upon a claim, it is not necessary for an applicant to seek collateral relief for the same issues already decided upon direct review. *Castille v. Peoples*, 489 U.S. 346, 350, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989).

### C. Procedural Default

"A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him." *Coleman v. Thompson*, 501 U.S. 722, 732, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 650 (1991). Moreover, federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Id.*, 501 U.S. at 728, 111 S.Ct. at 2254. This is true whether the state law basis is substantive or procedural. *Id.* (citations omitted). Such claims are considered procedurally barred from review. *See Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

The Ninth Circuit Court of Appeals explained the difference between exhaustion and procedural default as follows:

> The exhaustion doctrine applies when the state court has never been presented with an opportunity to consider a petitioner's claims and that opportunity may still be available to the petitioner under state law. In contrast, the procedural default rule barring consideration of a federal claim applies only when a state court has been presented with the federal claim, but declined to reach the issue for procedural reasons, or if it is clear that the state court would hold the claim procedurally barred. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002) (internal quotation marks and citations omitted). Thus, in some circumstances, a petitioner's failure to exhaust a federal claim in state court may *cause* a procedural default. *See Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002); *Beaty v. Stewart*,

303 F.3d 975, 987 (9th Cir. 2002) ("A claim is procedurally defaulted 'if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'") (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)).

*Cassett v. Stewart*, 406 F.3d 614, 621 n. 5 (9th Cir. 2005).  Thus, a prisoner's habeas petition may be precluded from federal review due to procedural default in two ways.  First, where the petitioner presented his claims to the state court, which denied relief based on independent and adequate state grounds.  *Coleman*, 501 U.S. at 728, 111 S.Ct. at 2254.  Federal courts are prohibited from review in such cases because they have "no power to review a state law determination that is sufficient to support the judgment, resolution of any independent federal ground for the decision could not affect the judgment and would therefore be advisory."  *Id.*  Second, where a "petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred."  *Id.* at 735 n.1, 111 S.Ct. at 2557 n.1 (citations omitted).  Thus, the federal court "must consider whether the claim could be pursued by any *presently available* state remedy."  *Cassett*, 406 F.3d at 621 n.6 (quoting *Ortiz v. Stewart*, 149 F.3d 923, 931 (9th Cir. 1998)) (emphasis in original).

Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result.  *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 1068, 103 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding

barred federal habeas review unless petitioner demonstrated cause and prejudice); *see also Smith v. Murray*, 477 U.S. 527, 534, 106 S.Ct. 2661, 2666, 91 L.Ed.2d 434 (1986) (recognizing "that a federal habeas court must evaluate appellate defaults under the same standards that apply when a defendant fails to preserve a claim at trial.").   "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims of ineffective assistance of counsel, [as such] there is no basis on which to address the merits of his claims.").   In addition to cause, a habeas petitioner must show actual prejudice, meaning that he "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray*, 477 U.S. at 494, 106 S.Ct. at 2648 (emphasis in original) (internal quotations omitted). Without a showing of both cause and prejudice, a habeas petitioner cannot overcome the procedural default and gain review by the federal courts. *Id.*, 106 S.Ct. at 2649.

The Supreme Court has recognized, however, that "the cause and prejudice standard will be met in those cases where review of a state prisoner's claim is necessary to correct 'a fundamental miscarriage of justice.'" *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (quoting *Engle v. Isaac*, 456 U.S. 107, 135, 102 S.Ct. 1558, 1572–73, 71 L.Ed.2d 783 (1982)). "The fundamental miscarriage of justice

exception is available 'only where the prisoner *supplements* his constitutional claim with a colorable showing of factual innocence.'" *Herrara v. Collins*, 506 U.S. 390, 404, 113 S.Ct. 853, 862, 122 L.Ed.2d 203 (1993) (emphasis in original) (quoting *Kuhlmann v. Wilson*, 477 U.S. 436, 454, 106 S.Ct. 2616, 2627, 91 L.Ed.2d 364 (1986)).  Thus, "'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrara*, 506 U.S. at 404, 113 S.Ct. at 862.  Further, in order to demonstrate a fundamental miscarriage of justice, a habeas petitioner must "establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense."  28 U.S.C. § 2254(e)(2)(B).

In Arizona, a petitioner's claim may be procedurally defaulted where he has waived his right to present his claim to the state court "at trial, on appeal or in any previous collateral proceeding."  Ariz. R. Crim. P. 32.2(a)(3).  "If an asserted claim is of sufficient constitutional magnitude, the state must show that the defendant 'knowingly, voluntarily and intelligently' waived the claim." *Id.*, 2002 cmt.  Neither Rule 32.2. nor the Arizona Supreme Court has defined claims of "sufficient constitutional magnitude" requiring personal knowledge before waiver. *See id.*; *see also Stewart v. Smith*, 202 Ariz. 446, 46 P.3d 1067 (2002).  The Ninth Circuit Court of Appeals recognized that this assessment "often involves a fact-intensive inquiry" and the "Arizona state courts are better suited to make these determinations." *Cassett*, 406 F.3d at 622.

## III.   STATUTE OF LIMITATIONS

As a threshold matter, the Court must consider whether Petitioner's petition is barred by the statute of limitation.  *See White v. Klizkie*, 281 F.3d 920, 921–22 (9th Cir. 2002).   The AEDPA mandates that a one-year statute of limitations applies to applications for a writ of habeas corpus by a person in state custody.   28 U.S.C. § 2244(d)(1).   Section 2244(d)(1) provides that the limitations period shall run from the latest of:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *Shannon v. Newland*, 410 F.3d 1083 (9th Cir. 2005).   "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."   28 U.S.C. § 2244(d)(2).   Respondents do not dispute the timeliness of Artiaga's petition.   The Court has independently reviewed the record and finds that the Petition (Doc. 1) is timely pursuant to 28 U.S.C. § 2244(d)(1)(A).

IV.   **ANALYSIS**

    A.   ***Ground One:  Ineffective Assistance of Counsel***

        **1. Legal Standards**

For cases which have been fairly presented to the State court, the Supreme Court elucidated a two part test for determining whether a defendant could prevail on a claim of ineffective assistance of counsel sufficient to overturn his conviction.  *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  First, Petitioner must show that counsel's performance was deficient.  *Id.* at 687, 104 S.Ct. at 2064.  "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.*  Second, Petitioner must show that this performance prejudiced his defense. *Id.*  Prejudice "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial whose result is reliable." *Id.*  Ultimately, whether or not counsel's performance was effective hinges on its reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2065; *see also State v. Carver*, 160 Ariz. 167, 771 P.2d 1382 (1989) (adopting *Strickland* two-part test for ineffective assistance of counsel claims).  The Sixth Amendment's guarantee of effective assistance is not meant to "improve the quality of legal representation," rather it is to ensure the fairness of trial. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065.  "Thus, '[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct *so undermined* the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.'" *Cullen v. Pinholster*, 563 U.S. 170, 131 S.Ct. 1388, 1403, 179 L.Ed.2d 557 (2011)

(quoting *Strickland*, 466 at 686) (emphasis and alteration in original).

"The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' . . . and when the two apply in tandem, review is 'doubly' so[.]" *Harrington v. Richter*, 562 U.S. 86, 105, 131 S.Ct. 770, 788, 178 L.Ed.2d 624 (2011) (citations omitted). Judging counsel's performance must be made without the influence of hindsight. *See Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. As such, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955)). Without the requisite showing of either "deficient performance" or "sufficient prejudice," Petitioner cannot prevail on his ineffectiveness claim. *Strickland*, 466 U.S. at 700, 104 S.Ct. at 2071. "[T]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Gentry v. Sinclair*, 705 F.3d 884, 899 (9th Cir. 2013) (quoting *Harrington*, 562 U.S. at 105, 131 S.Ct. at 788) (alterations in original). "The challenger's burden is to show 'that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *Harrington*, 562 U.S. at 104, 131 S.Ct. at 787 (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. 2052). Accordingly, "[w]e apply the doubly deferential standard to review the state court's 'last reasoned decision.'" *Vega v. Ryan*, 757 F.3d 960, 966 (9th Cir. 2014) (citations omitted). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in 2254(d)(1) and (d)(2)." *Harrington*, 131 U.S. at 98, 131 S.Ct. at 784. As such, Petitioner

also bears the burden of showing that the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner.  *See Bell v. Cone*, 535 U.S. 685, 698–99, 122 S.Ct. 1843, 1852, 152 L.Ed.2d 914 (2002); *see also* 28 U.S.C. § 2254(d).

Additionally, "[a]s a general matter, each 'unrelated alleged instance [ ] of counsel's ineffectiveness' is a separate claim for purposes of exhaustion." *Gulbrandson v. Ryan*, 738 F.3d 976, 992 (9th Cir. 2013) (quoting *Moormann v. Schriro*, 426 F.3d 1044, 1056 (9th Cir. 2005)) (alterations in original).  This means "all operative facts to an ineffective assistance claim must be presented to the state courts in order for a petitioner to exhaust his remedies." *Hemmerle v. Schriro*, 495 F.3d 1069, 1075 (9th Cir. 2007). This is "[b]ecause ineffective assistance claims are not fungible, but are instead highly fact-dependent, [requiring] some baseline explication of the facts relating to it[.]" *Id.*  As such, "a petitioner who presented any ineffective assistance of counsel claim below can[not] later add unrelated instances of counsel's ineffectiveness to that claim." *Id.* (citations and internal quotations omitted); *see also Date v. Schriro*, 619 F.Supp.2d 736, 788 (D. Ariz. 2008) ("Petitioner's assertion of a claim of ineffective assistance of counsel based on one set of facts, does not exhaust other claims of ineffective assistance based on different facts").

## 2.  Failure to Explore Mental Health Defense

Petitioner claims that his trial counsel was ineffective for failing "to explore a mental health defense at the request of the defendant."  Petition (Doc. 1) at 6. Respondents assert that Petitioner failed to exhaust this claim, because he did not present it to the Arizona Court of Appeals.  Answer (Doc. 23) at 10.  The Court agrees with

Respondent.

Petitioner raised this claim in his *pro se* PCR Petition.  Answer (Doc. 23), Pet.'s *Pro Se* Suppl. to Pet. for PCR (Exh. "Z") at 4–8.  The Rule 32 court held an evidentiary hearing regarding trial counsel's alleged failure to investigate and present a mental health defense.  *See* Answer (Doc. 23), Ariz. Superior Ct., Pima County, Ruling—In Chambers Re: Rule 32 Petition for Post-Conviction Relief 8/10/2010 (Exh. "AA") at 8–9; Answer (Doc. 23), Ariz. Superior Ct., Pima County, Case No. CR-2005-4798, Hr'g Tr. 4/27/2011 (Exh. "II"); Answer (Doc. 23), Ariz. Superior Ct., Pima County, Case No. CR-2005-4798-001, Hr'g Tr. 5/23/2011 (Exh. "JJ"); Answer (Doc. 23), Ariz. Superior Ct., Pima County, Case No. CR-2005-4798, Hr'g Tr. 6/6/2011 (Exh. "KK").  On June 10, 2011, after the evidentiary hearings, the Rule 32 court denied this portion of Petitioner's ineffective assistance of counsel claim.

Petitioner did not re-urge this issue in his Petition for Review to the Arizona Court of Appeals.  *See* Answer (Doc. 23), Pet. for Review 8/5/2011 (Exh. "DD").  As such, the claim is unexhausted and would now be precluded.  Ariz. R. Crim. P. 32.1(d)–(h), 32.2(a)(3), 32.4; *see also Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004) (in order to "fairly present" one's claims, the prisoner must do so "in each appropriate state court").  Accordingly, Petitioner's claim is procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 2557 n. 1, 115 L.Ed.2d 640 (1991) ("petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").  Where a habeas

petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result. *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 1068, 103 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice). Petitioner has not met his burden to show either cause or actual prejudice. *Murray v. Carrier*, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986) (Petitioner "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions") (emphasis in original) (internal quotations omitted); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims[,] . . . [and as such,] there is no basis on which to address the merits of his claims."). Therefore, Petitioner's claim for ineffective assistance of counsel based on an alleged failure to explore a mental health defense cannot stand.

### 3. Re-indictment

Petitioner claims that his trial counsel was ineffective for "not being able to substantiate that [Petitioner] was in reality being re-indicted in December of 2005 over a State dismissal of charges[.]" Petition (Doc. 1) at 6. Respondents assert that Petitioner failed to exhaust this claim, because he did not present it to the Arizona Court of Appeals. Answer (Doc. 23) at 10. The Court agrees that this claim is unexhausted.

Petitioner did not raise this claim in either his direct appeal or PCR petitions. *See*

Answer (Doc. 23), Appellant's Opening Br. 5/18/2007 (Exh. "O"); Answer (Doc. 23), Pet.'s *Pro Se* Suppl. to Pet. for PCR (Exh. "Z").  As such, the claim is unexhausted and would now be precluded.   Ariz. R. Crim. P. 32.1(d)–(h), 32.2(a)(3), 32.4; *see also Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004) (in order to "fairly present" one's claims, the prisoner must do so "in each appropriate state court").   Accordingly, Petitioner's claim is procedurally defaulted.   *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 2557 n. 1, 115 L.Ed.2d 640 (1991) ("petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").  Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result.  *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 1068, 103 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice).   Petitioner has not met his burden to show either cause or actual prejudice.  *Murray v. Carrier*, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986) (Petitioner "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions") (emphasis in original) (internal quotations omitted); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims[,] . . . [and as such,] there is no basis on which to address the merits of his

claims.").  Therefore, Petitioner's claim for ineffective assistance of counsel based on an alleged failure "to substantiate that [Petitioner] was in reality being re-indicted in December of 2005 over a State dismissal of charges" cannot stand.  *See* Petition (Doc. 1) at 6.

### 4.  Appearance Before the Grand Jury

Petitioner claims that his trial counsel was ineffective for "not allowing defendant to appear in front of the grand jury at the Grand Jury [sic] request and also at [Petitioner's] request."  Petition (Doc. 1) at 6.  Respondent asserts that Petitioner failed to exhaust this claim, because he did not present it to the Arizona Court of Appeals.  Answer (Doc. 23) at 10.  The Court finds this claim exhausted.

Petitioner initially raised this claim in his direct appeal.  Answer (Doc. 23), Appellant's Opening Br. 5/18/2007 (Exh. "O") at 1–11.  The Arizona Court of Appeals held that Petitioner's "conviction after . . . trial rendered moot any issue involving the grand jury proceeding."  Answer (Doc. 23), Exh. "P" at 2 (citing *State v. Just*, 138 Ariz. 534, 541–42, 675 P.2d 1353, 1360–61 (Ct. App. 1983)).  The court further held that "Artiaga d[id] not argue that the denial of the continuance affected the trial, but rather that a continuance would have revealed alleged errors in the grand jury proceeding . . . [and] is therefore not reviewable on appeal."  *Id.*, Exh. "P" at 3.  Petitioner sought review of this decision with the Arizona Supreme Court.  *See* Answer (Doc. 23), Petition for Review 1/24/2008 (Exh. "Q").  The Arizona Supreme Court denied the petition.  *See* Answer (Doc. 23), Ariz. Ct. of Appeals Mandate 7/16/2008 (Exh. "R").

Petitioner again raised this issue in his PCR Petition.  Answer (Doc. 23), Pet.'s

*Pro Se* Suppl. to Pet. for PCR (Exh. "Z") at 8–10.   The Rule 32 court found the issue

precluded, because it had been "previously presented and denied in Petitioner's Motion to

Vacate Judgment and Sentence and on direct appeal."   Answer (Doc. 23), Ariz. Superior

Ct., Pima County, Ruling—In Chambers Re: Rule 32 Petition for Post-Conviction Relief

8/10/2010 (Exh. "AA") at 3.   The Rule 32 court further recognized that "the trial court

found that there was no legal basis in Petitioner's motion, while the Court of Appeals

found that the issue was moot unless raised prior to trial."   *Id.*, Exh. "AA" at 3.

The Supreme Court of the United States has recognized, in the context of a Rule

6(d),[6] Federal Rules of Criminal Procedure, violation, that although an error:

> had the theoretical potential to affect the grand jury's determination
> whether to indict [a] particular defendant[] for the offenses with which [he]
> w[as] charged. . . . [T]he petit jury's subsequent guilty verdict means not
> only that there was probable cause to believe that the defendant[] w[as]
> guilty as charged, but also that [he] [is] in fact guilty as charged beyond a
> reasonable doubt.  Measured by the petit jury's verdict, then, any error in
> the grand jury proceeding connected with the charging decision was
> harmless beyond a reasonable doubt.

*United States v. Mechanik*, 475 U.S. 66, 70, 106 S.Ct. 938, 941–42, 90 L.Ed.2d 50

(1986).  In the habeas context, the Ninth Circuit Court of Appeals has similarly held that

"any constitutional error in the grand jury proceedings is harmless because [defendant]

was ultimately convicted of the offenses charged."  *Williams v. Stewart*, 441 F.3d 1030,

1042 (9th Cir. 2006) (citing *Mechanik*, 475 U.S. at 70, 106 S.Ct. at 941–42) (defendant

alleged prosecutorial misconduct in the submission of false evidence to the grand jury).

As the Supreme Court of the United States has recognized, the "reversal of a conviction

---

[6] Rule 6(d), Federal Rules of Criminal Procedure delineates who may be present while the Grand Jury is in session and during deliberations and voting.

after a trial free from reversible error cannot restore to the defendant whatever benefit might have accrued to him from a trial on an indictment returned [free from error.]" *Mechanik*, 475 U.S. at 71, 106 S.Ct. at 942.

Based on the foregoing, this Court finds that the Arizona courts did not unreasonably apply clearly established Federal law or unreasonably determine the facts in light of the evidence presented. "It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence[;] . . . [however,] [b]ecause of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). Even assuming that trial counsel's actions were unreasonable, Petitioner is unable to demonstrate prejudice as a result of any constitutional error before the grand jury, because any such error was rendered harmless when he was found guilty beyond a reasonable doubt at trial. *See Mechanik*, 475 U.S. at 70, 106 S.Ct. at 941–42; *Williams v. Stewart*, 441 F.3d at 1042. Accordingly, Petitioner's ineffective assistance of counsel claim regarding an alleged failure to allow Petitioner to testify before the Grand Jury is without merit.

### 5.  Special Action After Grand Jury

Petitioner claims that his trial counsel was ineffective for "not filing a special action request on the defendant [sic] behalf to challenge the Grand Jury proceedings." Petition (Doc. 1) at 6. Respondents assert that Petitioner exhausted this claim. Answer (Doc. 23) at 10. The Court finds this claim exhausted.

Petitioner initially raised this issue in his PCR Petition.  Answer (Doc. 23), Pet.'s *Pro Se* Suppl. to Pet. for PCR (Exh. "Z") at 8–10.  The Rule 32 court held that "Petitioner's claim on this ground fails since he has not established either prong of the *Strickland* test."  Answer (Doc. 23), Ariz. Superior Ct., Pima County, Ruling—In Chambers Re: Rule 32 Petition for Post-Conviction Relief 8/10/2010 (Exh. "AA") at 3. The Rule 32 court further recognized that even "[a]ssuming, *arguendo*, Mr. Kingston's performance fell below an objective standard of reasonableness when he failed to file [a] special action before Petitioner's trial, there was no prejudice as the trial court essentially found no violations at the grand jury proceeding."  *Id.*, Exh. "AA" at 3.

Petitioner again raised this issue to the Arizona Court of Appeals.  Answer (Doc. 23), Petition for Review 8/5/2011 (Exh. "DD") at 16–18.  The court of appeals stated that "[t]o the extent Artiaga challenges the trial court's denial of his claim of ineffective assistance of trial counsel for failing to seek special action relief from the grand jury proceedings held in March 2006, we deny relief on that claim as well."  Answer (Doc. 23), Ariz. Ct. of Appeals, Mem. Decision 3/2/2012 (Exh. "EE") at 3.  After properly stating the *Strickland* test, the court of appeals held that the Rule 32 court "correctly found that, even if trial counsel's performance had been substandard, 'there was no prejudice as the trial court essentially found no violations at the grand jury proceeding.'" *Id.*, Exh. "EE" at 3.

As discussed in Section IV.A.4., *supra*, Petitioner is unable to demonstrate prejudice as a result of any constitutional error before the grand jury, because any such error was rendered harmless when he was found guilty beyond a reasonable doubt at trial.

*See Mechanik*, 475 U.S. at 70, 106 S.Ct. at 941–42; *Williams v. Stewart*, 441 F.3d at 1042.  As such, the Court finds that the Arizona courts did not unreasonably apply clearly established Federal law or unreasonably determine the facts in light of the evidence presented.  Petitioner's ineffective assistance of counsel claim regarding an alleged failure to file a special action following the Grand Jury proceeding is without merit.

### 6.  Substantial Procedural Rights

Petitioner claims that his trial counsel was ineffective for "not accepting my request of substantial [procedural rights.]"  Petition (Doc. 1) at 6.  Respondents do not address this claim.  *See* Answer (Doc. 23).  The Court finds this claim to be unexhausted.

Petitioner did not raise this claim in either his direct appeal or PCR petitions.[7]  *See* Answer (Doc. 23), Appellant's Opening Br. 5/18/2007 (Exh. "O"); Answer (Doc. 23), Pet.'s *Pro Se* Suppl. to Pet. for PCR (Exh. "Z").  As such, the claim is unexhausted and would now be precluded.  Ariz. R. Crim. P. 32.1(d)–(h), 32.2(a)(3), 32.4; *see also Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004) (in order to "fairly present" one's claims, the prisoner must do so "in each appropriate state court").  Accordingly, Petitioner's claim is procedurally defaulted.  *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 2557 n. 1, 115 L.Ed.2d 640 (1991) ("petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").  Where a habeas petitioner's claims have been

---

[7]  The Court has made its best attempt to decipher Petitioner's handwriting in acknowledging this claim.  It is certain, however, that nothing resembling this claim arose in either Petitioner's direct appeal or PCR petition.

procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result. *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 1068, 103 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice). Petitioner has not met his burden to show either cause or actual prejudice. *Murray v. Carrier*, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986) (Petitioner "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions") (emphasis in original) (internal quotations omitted); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims[,] . . . [and as such,] there is no basis on which to address the merits of his claims."). Therefore, Petitioner's claim for ineffective assistance of counsel based on an alleged failure to accept Petitioner's request of substantial procedural rights is without merit.

### 7. Jiggle Key

Petitioner claims that his trial counsel was ineffective for "not pursuing the issue of the so-called jiggle key[.]" Petition (Doc. 1) at 6. Respondents assert that Petitioner failed to exhaust this claim. Answer (Doc. 23) at 10. The Court agrees that this claim is unexhausted.

Petitioner did not raise this claim in either his direct appeal or PCR petitions. *See* Answer (Doc. 23), Appellant's Opening Br. 5/18/2007 (Exh. "O"); Answer (Doc. 23),

Pet.'s *Pro Se* Suppl. to Pet. for PCR (Exh. "Z").  Petitioner referenced an issue regarding testimony about the key before the Grand Jury in his Rule 32 petition for review to the Arizona Court of Appeals, and attached exhibits regarding the key thereto.  Answer (Doc. 23), Petition for Review 8/5/2011 (Exh. "DD") at 17–18 & Appendix.  The Arizona Court of Appeals noted "that Artiaga has attached exhibits that apparently were not presented to the court below, to support a theory he likewise did not present to the court below."  Answer (Doc. 23), Ariz. Ct. of Appeals, Mem. Decision 3/2/2012 (Exh. "EE") at 3–4.  Accordingly, the court of appeals "decline[d] to consider them."  *Id.*, Exh. "EE" at 4 (citing *State v. Ramirez*, 126 Ariz. 464, 468, 616 P.2d 924, 928 (Ct. App. 1980)).

The Court finds that this claim is unexhausted and would now be precluded.  Ariz. R. Crim. P. 32.1(d)–(h), 32.2(a)(3), 32.4; *see also Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004) (in order to "fairly present" one's claims, the prisoner must do so "in each appropriate state court").  Accordingly, Petitioner's claim is procedurally defaulted.  *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 2557 n. 1, 115 L.Ed.2d 640 (1991) ("petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").  Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result.  *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 1068, 103 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice).

Petitioner has not met his burden to show either cause or actual prejudice. *Murray v. Carrier*, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986) (Petitioner "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions") (emphasis in original) (internal quotations omitted); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims[,] . . . [and as such,] there is no basis on which to address the merits of his claims."). Based on the foregoing, the Court finds Petitioner's claim for ineffective assistance of counsel based on an alleged failure to "pursue the issue of the so-called jiggle key" cannot stand. *See* Petition (Doc. 1) at 6.

###     B.     *Ground Two:  Due Process Violation Regarding Grand Jury*

Petitioner asserts that just prior to his appearance before the Grand Jury, his street clothes were lost. Petition (Doc. 1) at 7. Petitioner further stated that "Defense Counsel alerted the Prosecutor of this delema [sic] but instead of informing the Grand Jury all of what had happen [sic]. The Prosecutor took it upon herself to inform the Grand Jury that the Defendant had voluntarily withdrew [sic] to appear and give testimony[.]" *Id.* As an initial matter, Respondents assert that Petitioner has failed to assert a cognizable federal claim reviewable on habeas. Answer (Doc. 23) at 11. Respondents additionally argue that any alleged error is harmless. *Id.*

Petitioner raised this issue on direct review to the Arizona Court of Appeals. Answer (Doc. 23), Appellant's Opening Br. (Exh. "O") 4–11. The Arizona Court of Appeals held that Artiaga "d[id] not argue that any error in the grand jury proceeding

affected the subsequent trial[,] [and] [t]herefore, his conviction after that trial rendered moot any issue involving the grand jury proceeding."   Answer (Doc. 23), Ariz. Ct. of Appeals, Mem. Decision 11/1/2007 (Exh. "P") at 2 (citing *State v. Just*, 138 Ariz. 534, 541–42, 675 P.2d 1353, 1360–61 (Ct. App. 1983)).   Upon review of additional state court precedent, the appellate court further recognized that "an indictment may be challenged only through interlocutory proceedings."   *Id.*, Exh. "P" at 3 (citing *Maretick v. Jarrett*, 204 Ariz. 194, 62 P.3d 120 (2003)).

The Supreme Court of the United States has recognized that "indictment by a grand jury is not part of the due process of law guaranteed to state criminal defendants by the Fourteenth Amendment."   *Branzburg v. Hayes*, 408 U.S. 665, 688 n. 25, 92 S.Ct. 2646, 2660 n. 25, 33 L.Ed.2d 626 (1972) (citing *Hurtado v. California*, 110 U.S. 516, 4 S.Ct. 111, 28 L.Ed. 232 (1884)).   Moreover, the Arizona Court of Appeals denied relief based on independent and adequate state law grounds.   *See Coleman v. Thompson*, 501 U.S. 722, 728, 111 S.Ct. 2546, 2554, 115 L.Ed.2d 650 (1991).   The appellate court denied Petitioner's claim as moot.   Answer (Doc. 23), Exh. "P" at 2.   This state procedural bar to review now prohibits this Court from review because the "state law determination [] is sufficient to support the judgment, [and] resolution of any independent federal ground for the decision could not affect the judgment and would therefore be advisory."   *Coleman*, 501 U.S. at 728, 111 S.Ct. at 2254.

Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result.   *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 1068,

103 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice). Petitioner has not met his burden to show either cause or actual prejudice. *Murray v. Carrier*, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986) (Petitioner "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions") (emphasis in original) (internal quotations omitted); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims[,] . . . [and as such,] there is no basis on which to address the merits of his claims.").

## C.     Ground Three: Due Process Violation Regarding Denial of Continuance

Petitioner asserts that his trial began twenty-four (24) hours after the second indictment issued.   Petition (Doc. 1) at 8.   As such, Petitioner argues that he had insufficient time to review the findings of the Grand Jury and that his counsel did not have sufficient time to prepare for trial. *Id.* Petitioner further argues that the original trial judge had another trial starting on the same day, so Petitioner's trial was reassigned to another judge who should have been given additional time to review the case.   *Id.* Respondents acknowledge that Petitioner raised this claim in state court; however, they assert that it is unreviewable in habeas.  Answer (Doc. 23) at 11–12.

In his brief for direct review to the Arizona Court of Appeals, Petitioner asserted that "the trial court abused its discretion by failing to grant counsel's request to continue the trial so that he could review the grand jury transcripts and file another motion for

remand."   Answer (Doc. 23), Appellant's Opening Br. (Exh. "O") 8–9.   The Arizona Court of Appeals held that Artiaga "d[id] not argue that the denial of the continuance affected the trial, but rather that a continuance would have revealed alleged errors in the grand jury proceeding."   Answer (Doc. 23), Ariz. Ct. of Appeals, Mem. Decision 11/1/2007 (Exh. "P") at 3.   The appellate court further recognized that "the issue[, therefore,] was 'relevant only to the grand jury proceedings . . . [and] had no effect on the subsequent trial."   *Id.*, Exh. "P" at 3 (citing *State v. Verive*, 128 Ariz. 570, 575, 627 P.2d 721, 726 (Ct. App. 1981)) (second alteration in original).   As such, the appellate court held that the issue was "not reviewable on appeal."   *Id.*, Exh. "P" at 3 (citations omitted). Petitioner did not assert any part of this claim in his PCR petition.   *See* Answer (Doc. 23), Pet.'s *Pro Se* Suppl. to Pet. for PCR (Exh. "Z").

Prior to bringing a claim to federal court, a habeas petitioner must present all claims first to the state court.   *Rose v. Lundy*, 455 U.S. 509, 520, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379 (1982).   The fair presentation requirement mandates that a state prisoner must alert the state court "to the presence of a federal claim" in his petition.   *Baldwin v. Reese*, 541 U.S. 27, 33, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64 (2004) (rejecting petitioner's assertion that his claim had been "fairly presented" because his brief in the state appeals court did not indicate that "he was complaining about a violation of federal law" and the justices having the opportunity to read a lower court decision addressing the federal claims was not fair presentation); *Hiivala v. Wood*, 195 F.3d 1098 (9th Cir. 1999) (holding that petitioner failed to exhaust federal due process issue in state court because petitioner presented claim in state court only on state grounds).

Here, Petitioner only relied on state law in presenting his claim regarding the denial of a continuance to the state court.  *See* Answer (Doc. 23), Exh. "O" at 8–9.  The fair presentation requirement mandates that a state prisoner must alert the state court "to the presence of a federal claim" in his petition, simply labeling a claim "federal" or expecting the state court to read beyond the four corners of the petition is insufficient.  *See Baldwin v. Reese*, 541 U.S. at 33, 124 S.Ct. at 1351; *Hiivala v. Wood*, 195 F.3d 1098.  As such, it cannot be said that he fairly presented the claim to the state courts and therefore it is unexhausted.

Moreover, the Arizona Court of Appeals denied relief based on independent and adequate state law grounds.  *See Coleman v. Thompson*, 501 U.S. 722, 728, 111 S.Ct. 2546, 2554, 115 L.Ed.2d 650 (1991).  This state procedural bar to review now prohibits this Court from review because the "state law determination [] is sufficient to support the judgment, [and] resolution of any independent federal ground for the decision could not affect the judgment and would therefore be advisory."  *Coleman*, 501 U.S. at 728, 111 S.Ct. at 2254.

Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result.  *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 1068, 103 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice).  Petitioner has not met his burden to show either cause or actual prejudice.  *Murray v. Carrier*, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986) (Petitioner

"must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions") (emphasis in original) (internal quotations omitted); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims[,] . . . [and as such,] there is no basis on which to address the merits of his claims.").

### D.  Ground Four: Prosecutorial Misconduct

Petitioner asserts that "by failing to inform the Grand Jury of the Defendant [sic] willingness to apper [sic] before them[,] [t]he County Attorney has ineffected [sic] the control of the outcome of the Grand Jury Proceedings thierby [sic] overiding [sic] the Grand Jury role of being imparcial [sic] and also depriving the Defendant due process of law[.]" Petition (Doc. 1) at 9.  Respondents assert that this is the first time Petitioner has raised this claim.  Answer (Doc. 23) at 12.

A review of the record indicates that Petitioner did not raise this claim to the state court.  As discussed in Section IV.C., *supra*, prior to bringing a claim to federal court, a habeas petitioner must present all claims first to the state court.  Because Petitioner did not fairly present this claim to the state courts, it is unexhausted and procedurally defaulted.  Ariz. R. Crim. P. 32.1(d)–(h), 32.2(a)(3), 32.4; *Coleman*, 501 U.S. at 735 n.1, 111 S.Ct. at 2557 n.1 (citations omitted).  Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result.  *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 1068, 103 L.Ed.2d 334 (1989) (holding that failure to raise

claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice).  Petitioner has not met his burden to show either cause or actual prejudice.  *Murray v. Carrier*, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986) (Petitioner "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions") (emphasis in original) (internal quotations omitted); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims[,] . . . [and as such,] there is no basis on which to address the merits of his claims.").  As such, Petitioner's claim of prosecutorial misconduct cannot stand.

### E.    Conclusion

In light of the foregoing, the Court finds that Petitioner's habeas claims are without merit, and the Petition (Doc. 1) shall be denied.

## V.    RECOMMENDATION

For the reasons delineated above, the Magistrate Judge recommends that the District Judge enter an order DENYING Petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) (Doc. 1);

Pursuant to 28 U.S.C. § 636(b) and Rule 72(b)(2), Federal Rules of Civil Procedure, any party may serve and file written objections within fourteen (14) days after being served with a copy of this Report and Recommendation.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed.

R. Civ. P. 72(b)(2).  No replies shall be filed unless leave is granted from the District Court.  If objections are filed, the parties should use the following case number:  **CV-13-0281-TUC-RM**.

Failure to file timely objections to any factual or legal determination of the Magistrate Judge may result in waiver of the right of review.  The Clerk of the Court shall send a copy of this Report and Recommendation to all parties.

Dated this 29th day of July, 2016.

Honorable Bruce G. Macdonald
United States Magistrate Judge