1
2
3
4
5
6

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

8
9

Joseph Artiaga,

No. CV-13-00281-TUC-RM

Petitioner,

**ORDER**

v.

Charles L Ryan, et al.,

Respondents.

On August 2, 2016, Magistrate Judge Bruce G. Macdonald issued a Report and Recommendation (Doc. 35) recommending that this Court deny Petitioner's Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus.  No objections to the Report and Recommendation were filed.

A district judge must "make a de novo determination of those portions" of a magistrate judge's "report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  The advisory committee's notes to Rule 72(b) of the Federal Rules of Civil Procedure state that, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" of a magistrate judge.  Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition. *See also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."); *Prior v. Ryan*, CV 10-225-TUC-RCC, 2012 WL 1344286, at *1 (D. Ariz. Apr. 18, 2012) (reviewing for

clear error unobjected-to portions of Report and Recommendation).

The Court has reviewed Judge Macdonald's Report and Recommendation, the parties' briefs, and the record.  The Court has not found any clear error in Judge Macdonald's recommended disposition.

With respect to the ineffective assistance of trial counsel claims found by Judge Macdonald to be procedurally defaulted, the Court notes that Petitioner has not argued that ineffective assistance of post-conviction review counsel establishes cause under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), for the procedural default of any claims of ineffective assistance of trial counsel.  Even if Petitioner had raised a *Martinez* issue, he has not shown that the underlying procedurally defaulted ineffective assistance of trial counsel claims are substantial.  *See id.* at 1318.

Judge Macdonald found that Petitioner relied only on state law in presenting to the state court his claim regarding the denial of a continuance.  (*See* Doc. 35 at 40.)  In his opening brief on direct appeal to the Arizona Court of Appeals, Petitioner cited only to state cases regarding when denial of a continuance violates constitutional rights.  (Doc. 23-2, Exh. O at ¶ 16.)  However, *Arizona v. Hein*, 674 P.2d 1358, 1367 (Ariz. 1983), cited by Petitioner in the opening brief, discusses when a defendant's federal constitutional rights are violated by the denial of a request for a continuance.  Additionally, Petitioner argued in his opening brief that he had a right under the Fifth Amendment to the United States Constitution to challenge grand jury proceedings, and connected this argument to his argument regarding the denial of a continuance.  (*Id.* at ¶ 17.)  Respondents conceded in their Answer that Petitioner's opening brief on direct appeal in state court raised the argument regarding the denial of a continuance as a federal claim.  (Doc. 23 at 11.)  However, even if Petitioner's opening brief on direct appeal could be interpreted as fairly presenting a claim that the denial of a continuance violated Petitioner's federal constitutional rights, the opening brief argued only that the denial of a continuance prevented Petitioner's trial counsel from reviewing the grand jury transcript for error.  As explained in Judge Macdonald's Report and Recommendation,

any constitutional errors in Petitioner's grand jury proceedings are harmless because Petitioner was ultimately convicted of the offenses charged.   *See United States v. Mechanik*, 475 U.S. 66, 70 (1986); *Williams v. Stewart*, 441 F.3d 1030, 1042 (9th Cir. 2006).  Petitioner did not argue in state court that the denial of a continuance prevented defense counsel from adequately preparing for trial.  To the extent that Petitioner is now arguing that the denial of a continuance prevented adequate trial preparation, that claim is unexhausted and procedurally defaulted.   *See* Ariz. R. Crim. P. 32.2(a); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).  Petitioner has not shown cause or prejudice to excuse the procedural default.  *See Murray v. Carrier*, 477 U.S. 478, 494 (1986).

Judge Macdonald found Petitioner's claim of prosecutorial misconduct to be unexhausted and procedurally defaulted.  The Court notes that, in Petitioner's opening brief on direct appeal to the Arizona Court of Appeals, Petitioner argued that the state violated his constitutional rights by misrepresenting to the grand jury the reasons for his failure to appear.  (Doc. 23-2, Exh. O at ¶ 19.)  The Court agrees that this argument did not fairly present a federal claim of prosecutorial misconduct.  *See Baldwin v. Reese*, 541 U.S. 27, 32-33 (2004) (state prisoner must alert state court to alleged federal nature of claim); *Shumway v. Payne*, 223 F.3d 982, 987-88 (9th Cir. 2000) (general appeal to broad constitutional guarantee does not satisfy fair presentation requirement).  However, even if the argument could be interpreted as fairly presenting a federal claim of prosecutorial misconduct, the claim relates only to alleged constitutional errors in the grand jury proceedings, and any constitutional errors in those proceedings are harmless due to Petitioner's convictions of the offenses charged.  *See Mechanik*, 475 U.S. at 70; *Williams*, 441 F.3d at 1042.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation (Doc. 35) is **accepted and adopted**.

**IT IS FURTHER ORDERED** that the Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc. 1) is **denied**, and this case is **dismissed with prejudice**.

The Clerk of Court is directed to enter judgment accordingly and close this case.

**IT IS FURTHER ORDERED** that, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability, because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 8th day of September, 2016.

Honorable Rosemary Marquez
United States District Judge